**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. H-04-323 |
| § | (Civil Action No. H-08-2592) |
| DAMON C. HICKERSON § | |

## **MEMORANDUM AND ORDER**

Defendant Damon C. Hickerson, *pro se*, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 152] with a Brief [Doc. # 153] in support of his § 2255 Motion. He later filed an Amended Motion and supporting Brief [Doc. # 155]. The United States filed a Response [Doc. # 163]. Hickerson neither filed a reply nor requested additional time to do so. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the case, and the application of governing legal authorities, the Court **denies** Defendant's § 2255 Motion and **dismisses** the corresponding civil action (H-08-2592) for the reasons set forth below.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Hickerson was originally charged in a one-court Indictment [Doc. # 1] returned July 21, 2004. Hickerson was charged with possession of a firearm by a convicted felon, enhanced pursuant to 18 U.S.C. § 924(e) for three prior crimes of violence. At

the initial appearance, Dion Craig was appointed to represent Hickerson because Craig had been representing Hickerson on related charges in state court. At a hearing in January 2005, the Court granted Hickerson's oral request for appointment of new counsel, and Thomas Bevans was appointed as lead counsel with Craig remaining as co-counsel for Hickerson. *See* Doc. # 29.

The case was scheduled for a guilty plea in March 2005, but Defendant changed his mind and decided to proceed with a jury trial. *See* Doc. # 35. The United States subsequently filed a Superseding Indictment [Doc. # 36] adding a second charge of possession of a firearm by a convicted felon, both counts enhanced pursuant to 18 U.S.C. § 924(e).

Bevans requested and was granted permission to withdraw as counsel for Hickerson, and Lee Van Richardson was appointed as replacement counsel. *See* Doc. # 45. After several continuances requested by Hickerson, trial began on June 20, 2005. *See* Doc. # 69. After the jury was selected, the Court conducted a hearing on Hickerson's Motion to Suppress, which was denied. *See id.* The next day, the jury returned a verdict of guilty on both counts. *See* Docs. # 70; # 75.

Following a sentencing hearing on October 12, 2005, the Court sentenced Hickerson to a term of imprisonment for 210 months on each count, to run

concurrently. *See* Doc. # 82. The Court imposed a five-year term of supervised release and a $200.00 special assessment. *See id.*

Hickerson appealed from his conviction and sentence. The Fifth Circuit affirmed. *See United States v. Hickerson*, 489 F.3d 742 (5th Cir. 2007). The United States Supreme Court denied Hickerson's petition for a writ of certiorari. *See Hickerson v. United States*, 128 S. Ct. 521 (2007).

In September 2007, the United States filed a motion to reduce Hickerson's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Court granted the motion and reduced Hickerson's term of imprisonment to 105 months.

Hickerson then filed this timely § 2255 Motion, in which he asserts that he was denied effective assistance of counsel during pretrial proceedings because two of his four attorneys did not adequately understand and explain the potential sentence Hickerson could receive. Specifically, Hickerson appears to argue that he would have entered a plea of guilty if he had understood that the Court could run concurrently the 15-year mandatory minimum sentences for each count in the Superseding Indictment. Hickerson also asserts that he was denied effective assistance of counsel when his trial attorney failed to subpoena Ms. Cassie Arceneaux as a defense witness. Hickerson's § 2255 Motion is ripe for decision.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review for Section 2255 Motions

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.* Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

### B.     Legal Standard for Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness.  *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005), *cert. denied*, 547 U.S. 1041 (2006).  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* (quoting *Strickland*, 466 U.S. at 689).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*  An attorney's failure to make meritless arguments does not demonstrate deficient performance and cannot form the basis for relief under § 2255.  *See United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999).

To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir.) (quoting *Strickland*, 466 U.S. at 694), *cert. denied*, 546 U.S. 919 (2005).

## III. ANALYSIS OF CLAIMS

### A. Claims Relating to Potential Sentence

Hickerson complains that his attorneys did not provide an adequate explanation of the possible sentence Hickerson faced. Specifically, Hickerson asserts that he would have entered a plea of guilty if he had been given an adequate explanation regarding whether the two 15-year mandatory minimum sentences could run concurrently.[1] He argues that counsels' deficient performance "hindered" him from pleading guilty to the original indictment.

With reference to attorney Bevans, the record establishes that Bevans explained clearly to Hickerson the proper application of the Sentencing Guidelines and the statutes relating to the 15-year mandatory minimum. *See* Transcript [Doc. # 113] of March 7, 2005 Proceeding, p. 6; Affidavit of Thomas Bevans, Exh. to Response [Doc. # 163], p. 2. Indeed, at the March 7, 2005 conference, Hickerson admitted to the Court that Bevans provided the information for him to review. As a result, Hickerson

---

[1] The Court did not sentence Hickerson to consecutive 15-year mandatory minimum sentences.

has failed to demonstrate that Bevans's performance was deficient for purposes of a § 2255 claim of ineffective assistance of counsel.

With reference to attorney Richardson, Hickerson cites a conference in May 2005 at which Richardson asked the Court whether the two 15-year mandatory minimum sentences had to run consecutively. *See* Hickerson Brief [Doc. # 2], p. 15. Richardson was not appointed to represent Hickerson, however, until after the Government had obtained the Superseding Indictment. As a result, any lack of understanding by Richardson regarding whether the two sentences could run concurrently did not have any impact on Hickerson's decision not to plead to the original indictment.

Hickerson also fails to establish prejudice because he is now serving a 105-month sentence. The Court has a clear recollection of this case, and would not have considered a sentence below 105 months regardless of whether Hickerson pled guilty or proceeded to trial.

The uncontroverted evidence in the record refutes Hickerson's assertion that Bevans did not properly advise him regarding the application of the Sentencing Guidelines and the relevant statutes relating to mandatory minimum sentences for felon-in-possession counts enhanced by prior convictions under § 924(e). Hickerson

has also failed to show any prejudice resulting from any alleged deficiency. Hickerson's request for relief under § 2255 on this basis is denied.

### B. Claim Relating to Cassie Arceneaux

Hickerson argues that his trial counsel was constitutionally ineffective because he failed to subpoena Cassie Arceneaux as a defense witness. Hickerson represents that Ms. Arceneaux would have testified that she slipped the firearm into Hickerson's pocket and that she would suggest he believed it was a cigarette lighter.

Ms. Arceneaux appeared voluntarily on the morning of trial to testify. She was instructed by the Court to return later in the day to testify in the suppression hearing, and she appeared as directed and testified on Hickerson's behalf. The Court released Ms. Arceneaux following her testimony. Craig contacted Ms. Arceneaux that evening by telephone, and Ms. Arceneaux represented that she would be at the courthouse the next day to testify for Hickerson. After the Government rested the next day and after the defense had presented other evidence, defense counsel determined that Ms. Arceneaux was not present. The Court declared a lengthy recess during which defense counsel attempted without success to contact or otherwise locate Ms. Arceneaux.

For purposes of this ineffective assistance of counsel claim, the Court finds that counsel's reliance on Ms. Arceneaux's prior appearance to testify for Hickerson in the

suppression hearing and her statements that she would appear to testify during trial the following day did not constitute deficient performance.[2] *See, e.g., United States v. Saltos*, 1993 WL 117974, *4 (5th Cir. Mar. 30, 1993). There is an indication in the record that Ms. Arceneaux was romantically involved with Hickerson and there was no reason for defense counsel to anticipate that she would fail to appear to testify and would, instead, make herself unavailable when defense counsel attempted to contact her for trial. Defense counsel's performance in this regard was not constitutionally deficient for purposes of Hickerson's request for § 2255 relief.

Additionally, the testimony Hickerson believes Ms. Arceneaux would provide regarding placing the firearm in Hickerson's pocket would not show that Hickerson did not know the firearm was in his pocket. Ms. Arceneaux's attempt to testify regarding whether Hickerson believed the firearm was actually a cigarette lighter would likely have been inadmissible as mere supposition. As a result, Hickerson has not established that he was prejudiced by defense counsel's failure to serve a subpoena on Ms. Arceneaux to procure her testimony at trial.

---

[2] The Court recognizes that the Fifth Circuit held that defense counsel did not exercise due diligence by not issuing a subpoena for Ms. Arceneaux. *See United States v. Hickerson*, 489 F.3d 742, 745-46 (5th Cir. 2007). The ineffective assistance of counsel issue differs from the due diligence issue for purposes of a substantive due process claim based on the denial of a motion for continuance.

Hickerson has failed to show that he received deficient representation during pretrial proceedings or at trial, or that he suffered prejudice from the alleged deficiencies. As a result, Hickerson has not shown that he received constitutionally ineffective assistance of counsel and his § 2255 Motion is denied.

## V.     **CERTIFICATE OF APPEALABILITY**

Defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would conclude without debate that Hickerson has not stated a valid claim for relief under § 2255. Accordingly, a certificate of appealability will not issue.

### VI.    CONCLUSION AND ORDER

Defendant has failed to establish that his attorneys were constitutionally ineffective during pretrial proceedings or during trial. Consequently, it is hereby

**ORDERED** that Defendant's § 2255 motion [Doc. # 152] and Amended Motion [Doc. # 155] are **DENIED**, and the corresponding civil action (H-08-2592) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability from this decision is **DENIED**.

The Court will issue a separate Final Order.

The Clerk will provide a copy of this Memorandum and Order to the parties and will file a copy in Civil Action No. H-08-2592.

SIGNED at Houston, Texas, this 27th day of **February, 2009**.

*[signature]*

Nancy F. Atlas
United States District Judge